145 F.3d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NORTHWEST MARINE, INC., and Legion Insurance Co., Petitioners,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAM; James E.
Sowell; Cascade General, Inc; and Liberty Mutual
Insurance Co., Respondents.
 No. 96-70959.
BRB Nos. 95-1969, 95-2048.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1998.
Decided May 7, 1998.
 
 MEMORANDUM*
 Before HUG, Chief Judge, and REINHARDT and WIGGINS, Circuit Judges.
 
 
 1
 Petition for Review of an Order of the Benefits Review Board
 
 
 2
 Petitioners, Northwest Marine, Inc, and Legion Insurance Co. ("Northwest"), petition for review of an order of the Benefits Review Board of the Department of Labor, Office of Workers' Compensation Program, which automatically affirmed two orders of the Administrative Law Judge (ALJ) dated June 12, 1995 and July 6, 1995 (the "1995 Orders"). In these orders the ALJ declared Northwest in default for its failure to comply with an order of January 1992 ("1992 Order") requiring it to pay respondent James Sowell for "temporary total disability" until modified by future order. The ALJ also denied Northwest's request for modification of the 1992 Order pursuant to 33 U.S.C. § 922.
 
 
 3
 Northwest contends that the ALJ was incorrect to deny the request for modification on the ground that Sowell was further injured while employed by a subsequent employer and that the "two-injury rule" therefore requires liability to shift to the second employer. The two-injury rule, however, is used only to "assign liability ... to one of several potentially liable employers." Port of Portland v. Director, OWCP, 932 F.2d 836, 841 (9th Cir.1991). It does not shift liability from an employer who has already been ordered to pay for total disability. To do so would be particularly improper in this case, where Sowell was forced to work in his "totally disabled" condition due to Northwest's termination of his benefits. Further, substantial evidence supported the ALJ's finding that Sowell remained "temporarily totally disabled" and thus was never fit to return to work. For these reasons, the ALJ's decision not to apply the two-injury rule was neither contrary to law nor irrational .[1]
 
 
 4
 Northwest also contends that the ALJ erred in not setting aside a portion of the 1992 Order that required annual increases to adjust for rising average wages on the ground that it violated 33 U.S.C. § 910(f). Whether the 1992 Order was correct as a matter of law should have been appealed directly to the Board and then to this court; it is not a proper basis for a § 922 request. See 33 U.S.C. §§ 921(c) & 922. Accordingly, the ALJ did not err in refusing to set aside the 1992 order.
 
 
 5
 The petition for review is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Sowell contends that the request for modification was untimely because it was made over one year after Northwest made its last payment to him. Because we find that the request was properly denied, we do not reach this issue